## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| STEVE LYNN HUGHES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:17-cv-02924 |
| SILVERLEAF RESORTS, INC., | |
| Defendant. | JURY DEMAND |

## COMPLAINT

NOW comes STEVE LYNN HUGHES ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SILVERLEAF RESORTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Deceptive Trade Practices Act ("DTPA") under Tex. Fin. Code Ann. § 17 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

PARTIES

4.   Plaintiff is a 35 year-old natural person residing at 24106 East Terrace Drive, Porter, Texas, which is located within the Southern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.   Defendant operates vacation resorts and timeshares in various states throughout the United States.  Defendant regularly uses the telephone and/or mail to solicit consumers, including those located in the State of Texas.  Defendant's registered office is located at 1999 Bryan Street, Suite 900, Dallas, Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.   In 2015, Plaintiff began receiving calls to his cellular phone, (832) XXX-2844, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2844.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. The phone number that Defendant most often uses to contact Plaintiff is (817) 525-1033, but upon information and belief, Defendant has used other numbers as well.

12. Upon information and belief, the above referenced phone number ending in 1033 is regularly utilized by Defendant during its solicitation activity.

13. During answered calls from Defendant, Plaintiff experiences a recorded message and noticeable pause, lasting a handful of seconds in length, before a live representative begins to speak.

14. Upon speaking with Defendant, Plaintiff was solicited to purchase a timeshare through Defendant.

15. Plaintiff informed Defendant that he was not interested in its services and demanded that it stop calling.

16. Despite Plaintiff's demands, Defendant continued to call his cellular phone well into 2016.

17. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

18. Plaintiff has received not less than 22 phone calls from Defendant since asking Defendant to stop contacting him.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

20. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $68.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

3

never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff experienced a recorded message and noticeable pause prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Defendant violated the TCPA by placing at least 22 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands that it cease contacting him.

27. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise

entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant was explicitly told that Plaintiff was not interested in its services and to stop contacting him.  Despite having this knowledge, Defendant consciously chose to continue its harassing conduct.

WHEREFORE, Plaintiff, STEVE LYNN HUGHES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

29.  Plaintiff restates and realleges paragraphs 1 through 28 as though full set forth herein.

30.  The DTPA states:

> "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code." Tex. Bus. & Com. Code § 17.46.

31.  Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

32.  Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

33.  Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

34.  Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

35.    Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff. Defendant relentlessly called Plaintiff through means of an ATDS when he requested that it no longer do so.  Plaintiff notified Defendant that he was not interested in its services and to stop calling.  Defendant ignored Plaintiff's requests and unfairly continued to systematically contact him at least 22 times after he made his request.  Following its characteristic behavior in placing voluminous solicitation calls to consumers, Defendant engaged in a deceptive act, willfully done with the hope that Plaintiff would succumb to its harassing behavior and purchase Defendant's timeshare.

36.    The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendants.

37.    The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

38.    As pled in paragraphs 18 through 22, Plaintiff has suffered actual damages as a result of Defendant's unconscionable practices, including expending money to purchase and maintain an application on his cellular phone. As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3). An award of three times actual damages and punitive damages is appropriate because Defendant's conduct was committed knowingly and intentionally. Plaintiff was still bombarded with solicitation phone calls despite notifying Defendant that he was not interested in its services and to stop calling.  Despite these demands, Defendant continued to violate the law by engaging in a phone call campaign against Plaintiff.  Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and for public policy reasons should be penalized.

6

39.   Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unconscionable practice, especially after being told by Plaintiff that he is not interested and to stop calling.

WHEREFORE, Plaintiff, STEVE LYNN HUGHES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1)(3);

c.   Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1);

d.   Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.   Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d); and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 28, 2017                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                         Counsel for Plaintiff
Admitted in the Southern District of Texas    Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                         thatz@sulaimanlaw.com